UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONNA LIVOTI,

              Plaintiff,

      -against-

FOUR SEASONS SOLAR PRODUCTS, LLC.
FOUR SEASONS MARKETING CORP.
SHAUN KENNEDY,

            Defendants,
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 2 3 2010   ★

LONG ISLAND OFFICE
COMPLAINT

*Jury Demanded*

CV 10 2882

Plaintiff, DONNA LIVOTI, appearing Pro Se, complaining of the Defendants herein,
alleges, upon knowledge as to herself and her own actions, and upon information and
belief as to all other matters, as follows:

FEUERSTEIN, S

**PRELIMINARY STATEMENT**

1.This is a civil action to address violations of my rights to equal employment and equal
pay prescribed by the laws of the United States and the State of New York by the
Defendant corporations and its Chief Executive Officer ("CEO"), Defendant Shaun
Kennedy, who goes out of his way to hire, protect, and promote male employees, while at
the same time disciplining and terminating more qualified female employees/managers
(Cindy Shrader, Donna Singara, Michel Zezima); failing to promote me after proven
success; failing to give equal pay to me in comparison to my male counterparts and
subordinates.

2. The corporate Defendants herein have participated, allowed, encouraged and continue such discrimination practices with such conduct that includes, but not limited to, the following; the CEO and male managers (even after formal complaints to personnel) constantly stating to others in my presence that "Oh no, here she comes;" "There she goes again;" "We feel sorry for your husband;" "Give it to the girl;" "The girl will take care of it;" and the directive to me "You have to agree with your male counterparts."

3. Defendants have violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000c et seq. (hereinafter, "Title VII") and the New York Executive Law § 290 et seq. (hereinafter, "The Human Rights Law") and the Equal Pay Act (ADA) and the New York Labor Law by discriminating against me with respect to my terms, privileges and conditions of employment on the basis of my gender and by denying me equal pay, and thereafter retaliated against me for my opposition to those discriminatory practices, which resulted in me being removed and replaced from the position of National Operations Manager by one of the Defendants' less qualified male subordinates who was promoted to Vice President with a better compensation package than I was given. In addition to Plaintiff's discrimination, I was given the task to travel for three (3) consecutive weeks because the male employee, who replaced me, refused to make the sacrifice.

## JURISDICTION AND VENUE

4. All conditions precedent to filing suit has been fulfilled by me having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 24, 2009 bearing charge number 520-2009-04318 ("EEOC charge"). On April 2, 2010, the EEOC issued to me a Notice of Right to Sue on the ground that more than 180 days had elapsed since the filing of the charge and the EEOC determined that it is terminating its processing of this charge. Annexed hereto, and hereby incorporated into this complaint as Exhibit "A" collectively is a copy of EEOC correspondence dated September 24, 2009 acknowledging my Charge of Discrimination and the Notice of Right to Sue issued by the EEOC. This action is being commenced within 90 days of my receipt of the Notice of Right to Sue.

5. This Court has jurisdiction over my claims pursuant to 28 U.S. §§1331, 1332, 1343 & 1367.

6. Venue is proper pursuant to 28 U.S.C.1391.

## PARTIES

7. I, Donna Livoti, at all times hereinafter mentioned, was and still is a resident and domiciliary of the County of Suffolk and State of New York.

8. I am an employee as defined by Title VII and the Human Rights Law, the Equal Pay Act and New York Labor Law.

9. Defendant, Four Seasons Solar Products, LLC ("Four Seasons"), at all times hereinafter mentioned, was and still is a domestic limited liability company authorized to do business in the State of New York, with its principal place of business located at 5005 Veterans Memorial Highway, Holbrook, New York 11741.

10. Four Seasons is an employer as defined by Title VII and the Human Rights Law, the Equal Pay Act and New York Labor Law.

11. Four Seasons provides glazing products for patio rooms, sunrooms and conservatories to light commercial glass room enclosures and architectural skylights for residential and commercial customers.

12. Defendant, Four Seasons Marketing Corp., ("Four Seasons Marketing") at all times hereinafter mentioned, was and still is a foreign corporation doing business in the State of New York, with its principal place of business located at 5005 Veterans Memorial Highway, Holbrook, New York 11741.

13. Four Seasons Marketing is an employer as defined by Title VII and the Human Rights Law, the Equal Pay Act and New York Labor Law.

14. Four Seasons Marketing provides glazing products for patio rooms, sunrooms and conservatories to light commercial glass room enclosures and architectural skylights for residential and commercial customers.

15. Four Seasons and Four Seasons Marketing engage in a common business enterprise, and upon information and belief, share common control of the business enterprise with common management and employees.

16. I submitted my claim against both Four Seasons and Four Seasons Marketing (collectively referred to as "Four Seasons"), because, for reasons that were never made clear to me, I received my paychecks from either one or the other of these companies, but not simultaneously.

17. Defendant, Shaun Kennedy ("Kennedy") at all times hereinafter mentioned, was and still is a resident and domiciliary of Suffolk County, State of New York.
Kennedy in the performance of his job duties regularly does and transacts business in the State of New York, and solicits business in the State of New York.

18. At all relevant times, Kennedy was and still is the CEO of Four Seasons and Four Seasons Marketing and responsible for the retail development in the day-to-day operations and management of Four Seasons and Four Seasons Marketing, including promotions of its employees, termination of employees, and compensation packages of its employees.

19.Kennedy is also the individual responsible for negotiating on behalf of Four Seasons and Four Seasons Marketing, and for promulgating and enforcing Four Seasons and Four Seasons Marketing's policies (if any) against harassment, discrimination and retaliation in the workplace.

## AS AND FOR A FIRST CAUSE OF ACTION
### *Discrimination*

17.   I have worked for Four Seasons for over 24 years.  Within the last 300 days of filing my EEOC charge, throughout 2008 into 2009, I have been subject to a hostile work environment, specifically by Four Seasons' CEO, Shaun Kennedy, who was sent to the United States from England to head up retail development. His conduct to me is erratic, ranging from being dismissive and demeaning to outright explosive, treating his male employees differently and more civilly.

18.   In the presence of Shaun Kennedy and other Four Seasons' male executives, I had to endure continuous remarks referring to my gender.  Gender oriented, derogatory and condescending remarks were constantly made to me. Shaun Kennedy's remarks and constant comments from the company's male counterparts included the following, in substance: "Oh no, here she comes;" "There she goes again;" "We feel sorry for your husband;"  "Give it to the girl;"  "The girl will take care of it",  the directive when working with the males at Four Seasons "You have to agree with your male counterparts" and "your not leaving the meeting, until you agree with them".  In addition to filing a formal complaint with the Human Resource Manager, I repeatedly complained that I felt I was being discriminated against, and in reply, my complaints were ignored or dismissed with a response of laughter and the continuation of the same derogatory, gender-oriented comments.

19. Under Shaun Kennedy's management, every successful woman-employee of Four Seasons was laid off and replaced by men with better compensation packages. In May 2008, this same policy was followed when I was removed and replaced from the position of National Operations Manager by one of the company's male subordinates who was promoted to Vice President with a better compensation package than mine was given. This disparity of pay continues to date.

20.Since September, 2008 and within 300 days of filing this EEOC charge, various executive retail operation positions, such as Vice President of Sales, Director of Marketing, Retail Efficiency Manager, Regional Business Manager, and Regional Operations Manager became available but were denied to me.  Based upon my past performance record, which has never been matched, I was extremely qualified for any one of these positions.  All of these executive positions were given to men having little to no experience or performance records that were not as successful as mine.  The compensation packages given to the men for the above positions have exceeded mine. These men were given cars, car insurance paid by Four Season, rental allowances, moving expenses, cafeteria accounts paid by Four Season, discretionary bonuses and an interest-free company loan.  My request for equivalent compensation was denied, despite that I was performing substantially the same, if not more, duties and responsibilities.

21.  By reason of the foregoing, the Defendants have unlawfully discriminated against me in my compensation, terms, conditions, and /or privileges of employment because of my gender, in that I was subjected to a hostile working environment, adverse employment actions and an atmosphere of adverse acts in violation of Title VII and the Human Rights Law and the Equal Pay Act.

## AS AND FOR A SECOND CAUSE OF ACTION
### *Retaliation*

22.      I have been obligated to sacrifice more by traveling for unknown consecutive weeks, which the man who replaced me refused to do. I have been expected to work harder and excel in performance when compared to my male counterparts because I was expected to do all the administration tasks and duties whereas my male counterparts were given an administrative person to help them, all at remuneration less than that of my male counterparts.

23. In 2009, I suffered a $40K reduction to my salary, a greater reduction by percentage than my male counterparts.

24. On July 10, 2009 by a six page letter, my attorney, notified Pat Marron, CEO at Four Season of my aforementioned complaints.

25. As a good faith effort to resolve the issues of mine, my attorney scheduled a meeting of the parties, which was held on Monday, August 3, 2009, in the interest of settling the matter.  The meeting was attended by me, my attorney, Pat Marron, CEO, and John Diviney, Esq., Four Seasons' attorney.  The meeting ended with Four Seasons offering to consider my complaints and a resolution for me to stay at Four Seasons.

26. Subsequent to the settlement meeting, there was a customary Board meeting where I was told my complaints would be discussed, and within five minutes of the end of the Board meeting I was assigned a huge, time-consuming project that is to be completed by the 28th of August (less than three weeks) that I consider retaliatory. This project required an inordinate amount of time, much of the information is not available, and is in addition to other projects issued to me.

27.  As a result of the aforesaid conduct, I have suffered great financial, emotional, physical and psychological harm, which all management, my superiors, at Four Seasons recognized and acknowledged but did nothing to help me.

28. By reason of the foregoing, Defendants have unlawfully discriminated against me, in my compensation, terms, conditions and/or privileges of employment because of my good faith opposition to discriminatory practices, in that I was subject to a hostile working environment, adverse employment actions and an atmosphere of adverse acts in violation of Title VII and the Human Rights Law, the Equal Pay Act and the New York Labor Law.

## AS AND FOR A THIRD CAUSE OF ACTION
### Aiding and Abetting

29.  By reason of the foregoing, Defendants, Four Seasons, Four Seasons Marketing and Kennedy directly participated in, aided, abetted, incited, compelled, and/or coerced the unlawful discriminatory and retaliatory behavior alleged herein, in violation of the Human Rights Law and the Equal Pay Act.

30. By reason of the foregoing, the Defendants have unlawfully discriminated against me in my compensation, terms, conditions, and/or privileges of employment because of my gender, in that I was subject to a hostile working environment, adverse employment actions, and an atmosphere of adverse acts in violation of Title VII (42 U.S.C.§2000e-2)[1] and the Human Rights Law (N.Y. Exec. Law §296).

31. By reason of the foregoing, the Defendants have unlawfully denied me equal pay for equal work based upon my gender in violation of the Equal Pay Act (29 U.S.C. § 206) and the New York Labor Law (N.Y. Labor Law § 194).

32. By reason of the foregoing, the Defendants have unlawfully discriminated against me in my compensation, terms, conditions and or privileges of employment because of my good faith opposition to discriminator practices, in that I was subjected to materially adverse acts in violation of Title VII, the Human Rights Law, the Equal Pay Act, and the New York Labor Laws.

33.  By reason of the foregoing, Defendant, Kennedy, directly participated in, aided, abetted, incited, compelled, and/or coerced the unlawful discriminatory and retaliatory behavior alleged herein, in violation of the Human Rights Law, the Equal Pay Act, and the New York Labor Law.

---

[1] 1. I recognize that there is no individual liability under Title VII; therefore, my claims under Title VII are limited to the corporate Defendants only.

**WHEREFORE,** I, Donna Livoti, as Plaintiff demands judgment against the Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, injunctive relief, liquidated damages and any other damages permitted by law.  If it further requested that this Court grant the costs and disbursements of this action and any other relief to which I am entitled.

**Further,** I demand a trial by jury.

Dated: Babylon, New York
      June 22, 2010

Donna Livoti
Appearing Pro Se
308 Dolphin Lane
West Babylon, NY 11702
Telephone No.: 631-321-8816
Email: livoti5@optonline.net

Exhibit A



**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
FAX (212) 336-3625
1-800-669-4000

Respondent: FOUR SEASONS SOLAR PRODUCTS, LLC
EEOC Charge No.: 520-2009-04318
FEPA Charge No.:

September 24, 2009

Donna Livoti
308 Dolphin Lane
West Babylon, NY 11704

Dear Ms. Livoti:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]    The Age Discrimination in Employment Act (ADEA)

[ ]    The Americans with Disabilities Act (ADA)

[ X ]   The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X]       Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.
New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

*ACN*

Arlean C. Nieto
Supervisory Investigator
(212) 336-3676

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

cc:  Mike J. Hoffman, Esq.
     MIKEL J. HOFFMAN, P.C.
     193 East Main Street
     Babylon, NY 11702

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Donna Livoti**
**308 Dolphin Lane**
**West Babylon, NY 11704**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2009-04318** | **V. Guest, Investigator** | **(212) 336-3620** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*   APR 0 2 2010

**Spencer H. Lewis, Jr.,**
**Director**

*(Date Mailed)*

Enclosures(s)

cc:  **FOUR SEASONS SOLAR PRODUCTS, LLC**
**c/o John Diviney, Esq.**
**Rivkin Radler, LLP**
**926 RXR Plaza**
**Uniondale, NY 11556**

**Mike J. Hoffman, Esq.**
**193 East Main Street**
**Babylon, NY 11702**